

**THE CITY OF NEW YORK**

**STEVEN BANKS**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**ALEXANDRA CORSI**
*Senior Counsel*
acorsi@law.nyc.gov
Phone:  (212) 356-3525

March 23, 2026

**By ECF**
District Judge Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

The request for an extension is granted as to all defendants.  The IPTC scheduled for April 7, 2026 is adjourned to June 1, 2026 at 10:00 a.m. Date: March 24, 2026

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:     *Jon-Adrian Velazquez v City of New York et. al.,*
        25-CV-10699 (LJL)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys for defendant City of New York ("City") in the above-referenced matter.  In that capacity, defendant City writes with the consent of Plaintiff's counsel, Karen Newirth, to respectfully request a sixty-day enlargement of time, from March 30, 2026 to May 29, 2026, to answer or otherwise respond to the complaint, and a corresponding adjournment of the April 7, 2026 initial conference to a date and time convenient for the Court after May 29, 2026. This is the second request for an extension of time to respond to the complaint and the first request for an adjournment of the initial conference.

By way of background, Plaintiff Jon-Adrian Velazquez alleges, inter alia, that he was falsely arrested, prosecuted, and denied the right to a fair trial for a 1998 murder of a retired New York City Police Department ("NYPD") officer which he did not commit. As a result, Plaintiff alleges he was convicted of murder and robbery for the underlying incident, and sentenced to 25 years to life incarceration.  In August 2021, then-Governor Andrew Cuomo granted Plaintiff executive clemency, and Plaintiff was released from custody after spending more than 23 years incarcerated.  According to the Complaint, after the Manhattan District Attorney's Office conducted a second re-investigation into Plaintiff's criminal case, the findings which resulted in the DA's office joining Plaintiff's third CPL §440.10 motion to vacate his conviction, Plaintiff's conviction and sentence was vacated and the indictment was dismissed.

On December 24, 2025, Plaintiff filed the instant civil rights action.  In addition to the City, Plaintiff names as defendants the following individuals: retired NYPD Police Officers John Falzarano, Glenn Carboni, Joel Potter, Joseph Litrenta, and Robert Mooney, and the Administrator of the Estate of Manhattan District Attorney Investigator Genarro Giorgio.  In January 2026, defendant City, and upon information and belief, defendant Litrenta, were served with the summons and complaint. (Docket Entry Nos. 20-21)  In February 2026, prior to the undersigned's assignment to this matter, the City requested an enlargement of time, until March 30, 2026, to respond to the complaint, which was subsequently granted. (Docket Entry Nos. 22-23)  Upon information and belief, and based on a review of the docket sheet, it appears that more recently, on March 4, 2026, defendants Mooney, Falzarano and Carboni were served with the summons and complaint.  (Docket Entry Nos. 27-29)

For the following reasons, Defendant City now requests an additional 60 days, until May 30, 2026, to respond to the complaint. As an initial matter, given the age and complexity of this case, additional time is needed to investigate the allegations, obtain relevant documents and adequately prepare a responsive pleading.  It is our understanding that the District Attorney's Office's file for this case encompasses nearly 30 boxes of documents. After conferring with the District Attorney's Office last week, however, it appears that those documents will be produced to this office on a rolling basis, with the first production set for early April, and subsequent productions to resume every 45-days.[1] Second, additional time is necessary for this office to conduct representation interviews, pursuant to General Municipal Law 50-k, of the properly named and served defendants.  While this extension request is not made on behalf of those officers, it is our hope that the Court will *sua sponte* grant them a corresponding extension of time to respond to the complaint so that their defenses are not jeopardized while representation is being resolved. Moreover, the extension would also likely result in one, streamlined response to the complaint.

Finally, to the extent the Court is inclined to grant the within request for additional time to respond to the complaint, defendant City also respectfully requests an adjournment of April 7, 2026 initial conference to a date and time convenient for the Court after May 29, 2026 so that counsel for the City can be more sufficiently informed and prepared for the conference.

In light of the above, defendant City respectfully requests an extension of time, until May 29, 2026, to answer or otherwise respond to the complaint, and a corresponding adjournment of the April 7, 2026 initial conference. Thank you for your consideration of this request.

Respectfully submitted,

/s/ *Alexandra Corsi*

Senior Counsel
Special Federal Litigation Division

---

[1] It is our understanding that, as part of the parallel litigation brought by Plaintiff in the New York State Court of Claims, the District Attorney's office is producing their file to Plaintiff on a rolling basis every 45-days beginning in early April.  As such, the District Attorney's Office is producing those same documents to the City on that same schedule.

cc:  All counsel by ECF