UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

JON-ADRIAN VELAZQUEZ,

                               Plaintiff,

         - against -

THE CITY OF NEW YORK, NEW YORK, a municipal
entity; NYPD Detective JOSEPH LITRENTA; NYPD
Lieutenant "JOHN" FALZARANO; NYPD Detective
GLENN CARBONI; NYPD Detective JOEL POTTER;
NYPD Detective ROBERT MOONEY; JACK ROE as
Administrator of the Estate of Manhattan District
Attorney Investigator GENARRO GIORGIO, JOHN and
JANE DOEs #1-20, in their individual capacities,

                               Defendants.

------------------------------------------------------------------------

**DEFENDANTS' ANSWER
TO THE COMPLAINT**

25 Civ. 10699 (LJL)

Jury Trial Demanded

        Defendants City of New York, Detective Joseph Litrenta, Lieutenant Michael

Falzarano, Detective Glenn Carboni, Detective Joel Potter, and Detective Robert Mooney, by their

attorney, Steven Banks, Corporation Counsel of the City of New York, for their Answer to the

Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that Plaintiff purports to proceed and seek relief as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that Plaintiff was arrested, prosecuted, and convicted of murder.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that Plaintiff purports to proceed as stated therein.

4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that, upon information and belief, the underlying incident of Ward's murder occurred in New York County.

5.    Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to invoke supplemental jurisdiction as stated therein.

7.    Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to base venue as stated therein.

8.    Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the Complaint was filed on December 24, 2025.

9.    Deny the allegations set forth in paragraph "9" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 24, 2024, and further admit that, to date, this matter has not been resolved.

10.    Admit only that on July 8, 2024 Plaintiff gave testimony at a 50-H hearing.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that more than 90 days have elapsed since a document purporting to be a Notice of Claim was received by the Comptroller's Office, and further admit that, to date, this matter has not been resolved.

12.    The allegations set forth in paragraph "12" of the Complaint are not averments of fact that require a response.

13.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "13" of the Complaint.

2

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York and the City of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department, except admit that the time of the incident, Defendants Litrenta, Mooney, Potter, Falzarano, and Carboni were employed by the New York City Police Department, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants and purported defendant Giorgio.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Joseph Litrenta was a member of and employed by the New York City Police Department ("NYPD") and that Plaintiff purports to bring this action as stated therein; Defendants further state that the allegations concerning whether Litrenta was acting under color of law and within the scope of his employment are conclusions of law to which no response is required.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Falzarano was a member of and employed by the NYPD and that Plaintiff purports to bring this action as stated therein; Defendants further state that the allegations concerning whether Litrenta was acting under color of law and within the scope of his employment are conclusions of law to which no response is required.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Falzarano was a member of and employed by the NYPD and that Plaintiff purports to bring this action as stated therein; Defendants further state that the allegations concerning whether Carboni was acting under color of law and within the scope of his employment are conclusions of law to which no response is required.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Potter was a member of and employed by the NYPD and that Plaintiff purports to bring this action as stated therein; Defendants further state that the allegations concerning whether Litrenta was acting under color of law and within the scope of his employment are conclusions of law to which no response is required.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Falzarano was a member of and employed by the NYPD and that Plaintiff purports to bring this action as stated therein; Defendants further state that the allegations concerning whether Mooney was acting under color of law and within the scope of his employment are conclusions of law to which no response is required.

20.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "20" of the Complaint as they pertain to an unidentified defendant.

21.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "21" of the Complaint as they pertain to unidentified defendants.

22.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "22" of the Complaint, except admit that Albert Ward was a retired NYPD Detective and was fatally shot on or about January 27, 1998.

23.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "23" of the Complaint.

24.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiff's conviction was ultimately vacated.

29. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "32" of the Complaint, except admit that Detective Litrenta was assigned as a detective on the case.

33. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "33" of the Complaint, except admit that Lieutenant Falzarano was assigned to the investigation into Albert Ward's murder.

34. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "34" of the Complaint, except admit that police obtained descriptions of the culprits.

35.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "35" of the Complaint.

36.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "36" of the Complaint.

37.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "37" of the Complaint.

38.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "38" of the Complaint.

39.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "39" of the Complaint.

40.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "40" of the Complaint.

41.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "41" of the Complaint.

42.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "42" of the Complaint.

43.    Deny the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "45" of the Complaint.

46.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "46" of the Complaint.

47.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "47" of the Complaint.

48.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "48" of the Complaint.

49.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "49" of the Complaint.

50.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "50" of the Complaint.

51.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "51" of the Complaint.

52.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "52" of the Complaint.

53.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "53" of the Complaint.

54.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "54" of the Complaint.

55.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "55" of the Complaint.

56.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "56" of the Complaint.

57.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "57" of the Complaint.

58.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "58" of the Complaint.

59.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "59" of the Complaint.

60.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "60" of the Complaint.

61.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "61" of the Complaint.

62.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "62" of the Complaint.

63.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "63" of the Complaint.

64.    Deny the allegations set forth in paragraph "64" of the Complaint.

65.    Deny the allegations set forth in paragraph "65" of the Complaint.

66.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "66" of the Complaint, and note that the allegation set forth in paragraph "66" of the Complaint concerning the purported "*Brady* material" is a legal conclusion to which no response is required.

67.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "67" of the Complaint.

68.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "68" of the Complaint, and note that the allegation set forth in

paragraph "68" of the Complaint concerning the purported suppression of "*Brady* material" is a legal conclusion to which no response is required.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "71" of the Complaint.

72. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "78" of the Complaint.

79. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "79" of the Complaint.

80. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "80" of the Complaint, except deny that threats were made.

81. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "81" of the Complaint.

82. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "82" of the Complaint, except admit that at the time of this incident, parameters could be created for obtaining photographs.

83. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "83" of the Complaint.

84. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "84" of the Complaint.

85. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "85" of the Complaint.

86. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "86" of the Complaint.

87. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint, and note that the allegations set forth in paragraph "90(a), (c)" of the Complaint are legal conclusions to which no response is required, and deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "92" of the Complaint, and deny the allegation that Mr. Velazquez's photograph was illegally retained.

93. Deny the allegations set forth in paragraph "93" of the Complaint, and respectfully refer the Court to the action cited therein.

94. Deny the allegations set forth in paragraph "94" of the Complaint, and object to and deny the statement that the NYPD engaged in an illegal practice.

95. Deny the allegations set forth in paragraph "95" of the Complaint, and object to and deny the statement that the NYPD engaged in an illegal practice.

96. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "96" of the Complaint.

97. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "97" of the Complaint.

98. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "98" of the Complaint.

99. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "99" of the Complaint, except deny the allegations concerning Litrenta and/or Carboni's purportedly false claim.

100. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "100" of the Complaint.

101. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "109" of the Complaint.

110. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "112" of the Complaint.

113. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "113" of the Complaint, except admit that, upon information and belief, Plaintiff surrendered himself to the 28th Precinct.

114. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "114" of the Complaint.

115. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "115" of the Complaint, and deny the allegation that a photograph was "improperly shown" to any witnesses.

116. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "118" of the Complaint, except deny that the officers "pressured" witnesses.

119. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "119" of the Complaint.

120. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "120" of the Complaint.

121. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "121" of the Complaint.

122. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "122" of the Complaint.

123. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Phillip and Robert Jones were presented a live lineup.

127.    Deny the allegations set forth in paragraph "127" of the Complaint, except deny knowledge and information sufficient to form a belief as to the allegations concerning the individuals present in the lineup viewing room.

128.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Complaint, and object to and deny the allegations that witnesses were threatened.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Complaint.

134.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "134" of the Complaint.

135.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint, except deny knowledge and information sufficient to form a belief as to the allegations concerning the individuals present in the lineup viewing room.

137.    Deny the allegations set forth in paragraph "137" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the result of the lineup.

138.    Deny the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "140" of the Complaint.

141.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "141" of the Complaint.

142.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "142" of the Complaint.

143.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

145.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Complaint, except admit that on or about February 2, 1998, Mr. Velazquez was arrested in connection with Ward's robbery and murder.

148.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "148" of the Complaint.

149.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "149" of the Complaint, and deny that Detective Litrenta falsely represented information to prosecutors.

150.    Deny the allegations set forth in paragraph "150" of the Complaint, and further state that to the extent there are legal conclusions in this paragraph, no response is required.

151. Deny the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint, except admit that Mr. Velazquez's case was presented to a grand jury.

155. Deny the allegations set forth in paragraph "155" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what specifically was presented to the grand jury.

156. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "156" of the Complaint, and deny that fabricated eyewitness identification testimony was presented to the Grand Jury.

157. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "157" of the Complaint.

158. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "158" of the Complaint.

159. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "159" of the Complaint.

160. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "160" of the Complaint.

161. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint.

167. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint.

169. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Complaint.

171. Deny the allegations set forth in paragraph "171" of the Complaint.

172. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint.

174. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Complaint.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint.

177. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint.

178. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

180. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

181. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

182. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint.

183. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint, except admit that Plaintiff was indicted by a Grand Jury in relation to the death of Ward.

184. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint, except admit that at some point in

relation to Plaintiff's arrest and prosecution, he was detained by the New York City Department of Correction.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint, except admit that, upon information and belief, New York State has not had a capital punishment penalty since the year 2004.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the Complaint.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Complaint.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Complaint.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Complaint.

194.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Complaint.

195. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Complaint.

196. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint.

197. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the Complaint.

198. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Complaint.

199. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Complaint.

200. Deny the allegations set forth in paragraph "200" of the Complaint.

201. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Complaint.

202. Deny the allegations set forth in paragraph "202" of the Complaint, except admit that Litrenta and Giorgio knew each other.

203. Deny the allegations set forth in paragraph "203" of the Complaint.

204. Deny the allegations set forth in paragraph "204" of the Complaint.

205. Deny the allegations set forth in paragraph "205" of the Complaint.

206. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Complaint.

207. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Complaint, except deny that the statement was fabricated.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the Complaint, except deny that the statement was fabricated.

209.    Deny the allegations set forth in paragraph "209" of the Complaint.

210.    Deny the allegations set forth in paragraph "210" of the Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the Complaint, and further state that the allegations concerning whether the District Attorney's Office "was obligated" to disclose documents pursuant to *Brady* are legal conclusions to which no response is required.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the Complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Complaint.

219. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the Complaint.

220. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the Complaint.

221. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the Complaint.

222. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the Complaint.

223. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the Complaint.

224. Deny the allegations set forth in paragraph "224" of the Complaint.

225. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the Complaint.

226. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "226" of the Complaint.

227. Deny the allegations set forth in paragraph "227" of the Complaint.

228. Deny the allegations set forth in paragraph "228" of the Complaint.

229. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the Complaint.

230. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the Complaint.

231. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the Complaint.

232. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "232" of the Complaint.

233. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the Complaint, except deny that Litrenta testified falsely.

234. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the Complaint.

235. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the Complaint.

236. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the Complaint.

237. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the Complaint.

238. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the Complaint.

239. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the Complaint.

240. Deny the allegations set forth in paragraph "240" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the specifics of Litrenta's and Giorgio's trial testimony.

241. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the specifics of Litrenta's and Giorgio's trial testimony.

243.    Deny the allegations set forth in paragraph "243" of the Complaint.

244.    Deny the allegations set forth in paragraph "244" of the Complaint.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "245" of the Complaint, except deny that Litrenta and Giorgio fabricated evidence.

246.    Deny the allegations set forth in paragraph "246" of the Complaint.

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.    Deny the allegations set forth in paragraph "248" of the Complaint.

249.    Deny the allegations set forth in paragraph "249" of the Complaint.

250.    The allegations set forth in paragraph "250" of the Complaint contain conclusions of law to which no response is required.

251.    Deny the allegations set forth in paragraph "251" of the Complaint.

252.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "252" of the Complaint.

253.    Deny the allegations set forth in paragraph "253" of the Complaint.

254.    Deny the allegations set forth in paragraph "254" of the Complaint.

255.    Deny the allegations set forth in paragraph "255" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the Assistant District Attorney specifically informed the jury.

24

256.    Deny the allegations set forth in paragraph "256" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the Assistant District Attorney specifically informed the jury.

257.    Deny the allegations set forth in paragraph "257" of the Complaint.

258.    Deny the allegations set forth in paragraph "258" of the Complaint, except admit that Plaintiff was convicted as a result of a jury trial.

259.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "259" of the Complaint, except deny that there was false, misleading and fabricated evidence, and admit that Plaintiff was convicted.

260.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "260" of the Complaint, except admit that as a result of Plaintiff's conviction, he was sentenced to prison.

261.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "261" of the Complaint.

262.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "262" of the Complaint.

263.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "263" of the Complaint.

264.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "264" of the Complaint.

265.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "265" of the Complaint.

266.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "266" of the Complaint.

267.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "267" of the Complaint.

268.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "268" of the Complaint.

269.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "269" of the Complaint.

270.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "270" of the Complaint.

271.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "271" of the Complaint.

272.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "272" of the Complaint.

273.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "273" of the Complaint.

274.    Deny the allegations set forth in paragraph "274" of the Complaint.

275.    Admit only that Plaintiff pursued post-conviction relief.

276.    Deny knowledge or information sufficient to form a belief as to paragraph "276" of the Complaint, except admit that the Manhattan District Attorney's Office was involved in Plaintiff's post-conviction litigation.

277.    Deny the allegations set forth in paragraph "277" of the Complaint, and further state that the prosecution's "ongoing duties" are conclusions of law to which no response is required.

278.    Deny the allegations set forth in paragraph "278" of the Complaint.

279.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "279" of the Complaint, except deny that threats, coercion and suggestion were utilized to obtain identifications of Plaintiff.

280.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "280" of the Complaint.

281.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "281" of the Complaint.

282.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "282" of the Complaint.

283.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "283" of the Complaint.

284.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "284" of the Complaint, except deny that DANY presented false arguments.

285.    Admit.

286.    Deny knowledge or information as to the truth of the allegations set forth in paragraph "286" of the Complaint, except admit that DANY's Conviction Review Unit received requests from Plaintiff for review of his conviction.

287. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "287" of the Complaint.

288. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "288" of the Complaint.

289. Admit.

290. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "290" of the Complaint, except admit that CIU concluded reinvestigations of Plaintiff's conviction.

291. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "291" of the Complaint.

292. Deny the allegations set forth in paragraph "292" of the Complaint.

293. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "293" of the Complaint, except admit that Plaintiff sought post-conviction relief.

294. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "294" of the Complaint.

295. Respectfully refer the Court to the decisions cited for an accurate recitation of the conclusions and holdings made therein.

296. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "296" of the Complaint.

297. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "297" of the Complaint.

298. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "298" of the Complaint, except admit that Plaintiff sought post-conviction relief.

299. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "299" of the Complaint.

300. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "300" of the Complaint.

301. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "301" of the Complaint.

302. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "302" of the Complaint, and further respectfully refer the Court to the decision cited for an accurate recitation of the conclusions and holdings of the Court.

303. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "303" of the Complaint.

304. Paragraph "304" of the Complaint contains conclusions of law to which no response is required.

305. Paragraph "305" of the Complaint contains conclusions of law to which no response is required.

306. Paragraph "306" of the Complaint contains conclusions of law to which no response is required.

307. Paragraph "307" of the Complaint contains conclusions of law to which no response is required.

308.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "308" of the Complaint, and to the extent this paragraph contains conclusions of law, no response is required.

309.    Paragraph "309" of the Complaint contains conclusions of law to which no response is required.

310.    Deny the allegations set forth in paragraph "310" of the Complaint.

311.    Deny the allegations set forth in paragraph "311" of the Complaint.

312.    Deny the allegations set forth in paragraph "312" of the Complaint.

313.    Deny the allegations set forth in paragraph "313" of the Complaint.

314.    Admit only that, upon information and belief, Plaintiff was granted executive clemency.

315.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "315" of the Complaint, except admit that at some point, Plaintiff was released from prison.

316.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "316" of the Complaint, except admit that, upon information and belief, and based on video that is publicly available, Plaintiff spoke with President Joseph Biden.

317.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "317" of the Complaint, and further respectfully refer the Court to the video cited for a full and accurate recitation of what is contained therein.

318.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "318" of the Complaint.

319. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "319" of the Complaint.

320. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "320" of the Complaint.

321. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "321" of the Complaint.

322. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "322" of the Complaint.

323. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "323" of the Complaint.

324. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "324" of the Complaint.

325. Admit only that DANY's Post Conviction Justice Unit conducted a reinvestigation into Plaintiff's conviction.

326. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "326" of the Complaint.

327. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "327" of the Complaint.

328. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "328" of the Complaint.

329. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "329" of the Complaint.

330. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "330" of the Complaint, except admit that at various points Plaintiff sought post-conviction relief.

331. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "331" of the Complaint.

332. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "332" of the Complaint, except admit that Plaintiff's conviction and sentence related to Ward's murder were vacated.

333. Admit.

334. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "334" of the Complaint.

335. In response to the allegations set forth in paragraph "335" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

336. Deny the allegations set forth in paragraph "336" of the Complaint.

337. Deny the allegations set forth in paragraph "337" of the Complaint.

338. Deny the allegations set forth in paragraph "338" of the Complaint.

339. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "339" of the Complaint, except admit that Plaintiff's conviction and sentenced related to Ward's murder was vacated.

340. Deny the allegations set forth in paragraph "340" of the Complaint.

341. Deny the allegations set forth in paragraph "341" of the Complaint and its subparts.

342.    Deny the allegations set forth in paragraph "342" of the Complaint.

343.    Deny the allegations set forth in paragraph "343" of the Complaint.

344.    Deny the allegations set forth in paragraph "344" of the Complaint.

345.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "345" of the Complaint, except admit that Plaintiff's conviction and sentence related to Ward's murder were vacated.

346.    Deny the allegations set forth in paragraph "346" of the Complaint.

347.    Deny the allegations set forth in paragraph "347" of the Complaint.

348.    Deny the allegations set forth in paragraph "348" of the Complaint, except admit that Plaintiff was incarcerated for approximately 23 years and subject to approximately two years of DOCCS supervision.

349.    In response to the allegations set forth in paragraph "349" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

350.    Deny the allegations set forth in paragraph "350" of the Complaint.

351.    Deny the allegations set forth in paragraph "351" of the Complaint.

352.    Deny the allegations set forth in paragraph "352" of the Complaint.

353.    Deny the allegations set forth in paragraph "353" of the Complaint.

354.    Deny the allegations set forth in paragraph "354" of the Complaint.

355.    Deny the allegations set forth in paragraph "355" of the Complaint.

356.    Deny the allegations set forth in paragraph "356" of the Complaint.

357. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "357" of the Complaint, except admit that Plaintiff's conviction and sentence related to Ward's murder were vacated.

358. Deny the allegations set forth in paragraph "358" of the Complaint, except admit that Plaintiff was incarcerated for approximately 23 years and subject to approximately two years of DOCCS supervision.

359. In response to the allegations set forth in paragraph "359" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

360. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "360" of the Complaint.

361. The allegations set forth in paragraph "361" of the Complaint are legal conclusions to which no response is required.

362. The allegations set forth in paragraph "362" of the Complaint are legal conclusions to which no response is required.

363. Deny the allegations set forth in paragraph "363" of the Complaint.

364. Deny the allegations set forth in paragraph "364" of the Complaint.

365. Deny the allegations set forth in paragraph "365" of the Complaint.

366. Deny the allegations set forth in paragraph "366" of the Complaint.

367. Deny the allegations set forth in paragraph "367" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning how many witnesses positively identified Plaintiff.

368. Deny the allegations set forth in paragraph "368" of the Complaint.

34

369.    Deny the allegations set forth in paragraph "369" of the Complaint.

370.    Deny the allegations set forth in paragraph "370" of the Complaint.

371.    In response to the allegations set forth in paragraph "371" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

372.    The allegations set forth in paragraph "372" of the Complaint are legal conclusions to which no response is required.

373.    The allegations set forth in paragraph "373" of the Complaint are legal conclusions to which no response is required.

374.    Deny the allegations set forth in paragraph "374" of the Complaint.

375.    Deny the allegations set forth in paragraph "375" of the Complaint.

376.    Deny the allegations set forth in paragraph "376" of the Complaint.

377.    Deny the allegations set forth in paragraph "377" of the Complaint and its subparts.

378.    Deny the allegations set forth in paragraph "378" of the Complaint, and further state that the allegations concerning whether Defendants acted under color of law and within the scope of their employment and authority are conclusions of law to which no response is required.

379.    Deny the allegations set forth in paragraph "379" of the Complaint.

380.    Deny the allegations set forth in paragraph "380" of the Complaint.

381.    Deny the allegations set forth in paragraph "381" of the Complaint.

382.    In response to the allegations set forth in paragraph "382" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

383.    Deny the allegations set forth in paragraph "383" of the Complaint.

384.    Deny the allegations set forth in paragraph "384" of the Complaint.

385.    Deny the allegations set forth in paragraph "385" of the Complaint.

386.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "386" of the Complaint, except admit that Plaintiff's conviction and sentence related to Ward's murder were vacated.

387.    Deny the allegations set forth in paragraph "387" of the Complaint, except admit that Plaintiff was incarcerated for approximately 23 years and subject to approximately two years of DOCCS supervision.

388.    In response to the allegations set forth in paragraph "388" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

389.    Deny the allegations set forth in paragraph "389" of the Complaint.

390.    The allegations set forth in paragraph "390" of the Complaint are legal conclusions to which no response is required.

391.    Deny the allegations set forth in paragraph "391" of the Complaint.

392.    Deny the allegations set forth in paragraph "392" of the Complaint.

393.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "393" of the Complaint; to the extent paragraph "393" contains conclusions of law, no response is required, and Defendants respectfully refer the Court

to the New York City Charter and other applicable laws for a recitation of the relationship among the City of New York, the NYPD, and the New York County District Attorney's Office.

394. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "394" of the Complaint.

395. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "395" of the Complaint.

396. Deny the allegations set forth in paragraph "396" of the Complaint.

397. Deny the allegations set forth in paragraph "397" of the Complaint.

398. Deny the allegations set forth in paragraph "398" of the Complaint, and respectfully refer the Court to the materials cited for an accurate recitation of the information contained therein.

399. Deny the allegations set forth in paragraph "399" of the Complaint, and respectfully refer the Court to the materials cited for an accurate recitation of the information contained therein. .

400. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "400" of the Complaint, except admit that, upon information and belief, the Mollen Commission was established in 1992.

401. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "401" of the Complaint, except admit that, upon information and belief, the Mollen Commission published a report in July 1994 and that Plaintiff was arrested in 1998.

402. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "402" of the Complaint, except admit that an investigation

37

was conducted, and respectfully refer the Court to the report cited therein for an accurate recitation of its findings.

403.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "403" of the Complaint, except admit that an investigation was conducted, and respectfully refer the Court to the report cited therein for an accurate recitation of its findings.

404.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "404" of the Complaint and respectfully refer the Court to the cited report for an accurate recitation of its observations.

405.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "405" of the Complaint and respectfully refer the Court to the cited report for an accurate recitation of its findings.

406.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "406" of the Complaint and respectfully refer the Court to the cited report for an accurate recitation of its conclusions.

407.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "406" of the Complaint and respectfully refer the Court to the cited report for an accurate recitation of its conclusions.

408.    Deny the allegations set forth in paragraph "408" of the Complaint.

409.    Deny the allegations set forth in paragraph "409" of the Complaint.

410.    Deny the allegations set forth in paragraph "410" of the Complaint.

411.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "411" of the Complaint.

412. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "412" of the Complaint.

413. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "413" of the Complaint.

414. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "414" of the Complaint

415. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "415".

416. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "416" of the Complaint.

417. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "417" of the Complaint.

418. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "418" of the Complaint.

419. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "419" of the Complaint.

420. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "420" of the Complaint.

421. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "421" of the Complaint.

422. Deny the allegations set forth in paragraph "422" of the Complaint, and respectfully refer the Court to the report cited therein for an accurate recitation of its contents.

423.    Deny the allegations set forth in paragraph "423" of the Complaint, and respectfully refer the Court to the convictions cited therein for an accurate recitation of the findings in those cases.

424.    Deny the allegations set forth in paragraph "424" of the Complaint.

425.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "425" of the Complaint.

426.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "426" of the Complaint.

427.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "427" of the Complaint.

428.    Deny the allegations set forth in paragraph "428" of the Complaint.

429.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "429" of the Complaint.

430.    Deny the allegations set forth in paragraph "430" of the Complaint.

431.    Deny the allegations set forth in paragraph "431" of the Complaint, and respectfully refer the Court to actions cited therein for accurate information and/or findings concerning each specific case.

432.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "432" of the Complaint.

433.    Deny the allegations set forth in paragraph "433" of the Complaint.

434.    Deny the allegations set forth in paragraph "434" of the Complaint.

435.    In response to the allegations set forth in paragraph "435" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

436.    Deny the allegations set forth in paragraph "436" of the Complaint.

437.    Deny the allegations set forth in paragraph "437" of the Complaint.

438.    Deny the allegations set forth in paragraph "438" of the Complaint.

439.    Deny the allegations set forth in paragraph "439" of the Complaint.

440.    Deny the allegations set forth in paragraph "440" of the Complaint.

441.    Deny the allegations set forth in paragraph "441" of the Complaint.

442.    Deny the allegations set forth in paragraph "442" of the Complaint.

443.    Deny the allegations set forth in paragraph "443" of the Complaint.

444.    Deny the allegations set forth in paragraph "444" of the Complaint.

445.    Deny the allegations set forth in paragraph "445" of the Complaint.

446.    Deny the allegations set forth in paragraph "446" of the Complaint.

447.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "447" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported findings.

448.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "448" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

449.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "449" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

450. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "450" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

451. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "451" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

452. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "452" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

453. Deny the allegations set forth in paragraph "453" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the matter of *People v. Williams*, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

454. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "454" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

455. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "455" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

456. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "456" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

457.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "457" of the Complaint.

458.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "458" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

459.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "459" of the Complaint.

460.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "460" of the Complaint, and respectfully refer the Court to the actions cited therein for an accurate recitation of any purported holdings.

461.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "461" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

462.    Deny the allegations set forth in paragraph "462" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

463.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "463" of the Complaint, and respectfully refer the Court to the actions cited therein for an accurate recitation of any purported holdings.

464.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "464" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

465.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "465" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

466.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "466" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

467.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "467" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

468.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "468" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

469.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "469" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

470.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "470" of the Complaint, and respectfully refer the Court to the action cited therein for an accurate recitation of any purported holdings.

471.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "471" of the Complaint, and respectfully refer the Court to the publication and report cited therein for an accurate recitation of its contents.

472.   Deny the allegations set forth in paragraph "472" of the Complaint.

473.   Deny the allegations set forth in paragraph "473" of the Complaint.

44

474.    Deny the allegations set forth in paragraph "474" of the Complaint.

475.    Deny the allegations set forth in paragraph "475" of the Complaint.

476.    Deny the allegations set forth in paragraph "476" of the Complaint, and respectfully refer the Court to the actions cited therein.

477.    Deny the allegations set forth in paragraph "477" of the Complaint.

478.    Deny the allegations set forth in paragraph "478" of the Complaint.

479.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "479" of the Complaint, and further state that to the extent there are legal conclusions in this paragraph, no response is required.

480.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "480" of the Complaint, and further state that to the extent there are legal conclusions in this paragraph, no response is required.

481.    Deny the allegations set forth in paragraph "481" of the Complaint, except admit that the District Attorney is an elected official.  Defendants further respectfully refer the Court to the applicable laws that for an accurate recitation of the relationship between the District Attorney and the City of New York.

482.    Deny the allegations set forth in paragraph "482" of the Complaint, and respectfully refer the Court to the cited statutes for an accurate recitation of the law contained therein.

483.    Deny the allegations set forth in paragraph "483" of the Complaint.

484.    Deny the allegations set forth in paragraph "484" of the Complaint.

485.    Deny the allegations set forth in paragraph "485" of the Complaint.

486.    In response to the allegations set forth in paragraph "486" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

487.    Deny the allegations set forth in paragraph "487" of the Complaint.

488.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "488" of the Complaint, except admit that Robert Morgenthau and Cyrus Vance were both previously elected District Attorneys in New York County.

489.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "489" of the Complaint, and respectfully refer the Court to the cited law for an accurate recitation of the information contained therein.

490.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "490" of the Complaint, and respectfully refer the Court to the cited Rule for an accurate recitation of the content therein.

491.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "491" of the Complaint.

492.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "492" of the Complaint.

493.    Deny the allegations set forth in paragraph "493" of the Complaint.

494.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "494" of the Complaint, and respectfully refer the Court to the statutes cited therein for an accurate recitation of the information contained therein

495.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "495" of the Complaint.

496.    Deny the allegations set forth in paragraph "496" of the Complaint.

497.    Deny the allegations set forth in paragraph "497" of the Complaint.

498.    Deny the allegations set forth in paragraph "498" of the Complaint.

499.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "499" of the Complaint.

500.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "500" of the Complaint.

501.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "501" of the Complaint.

502.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "502" of the Complaint.

503.    Deny the allegations set forth in paragraph "503" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of the cited letter issued.

504.    Deny the allegations set forth in paragraph "504" of the Complaint.

505.    Deny the allegations set forth in paragraph "505" of the Complaint.

506.    Deny the allegations set forth in paragraph "506" of the Complaint.

507.    Deny the allegations set forth in paragraph "507" of the Complaint.

508.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "508" of the Complaint.

509.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "509" of the Complaint.

510.    Deny the allegations set forth in paragraph "510" of the Complaint.

47

511.    Deny the allegations set forth in paragraph "511" of the Complaint.

512.    Deny the allegations set forth in paragraph "512" of the Complaint.

513.    In response to the allegations set forth in paragraph "513" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

514.    Deny the allegations set forth in paragraph "514" of the Complaint.

515.    The allegation in paragraph "515" is a legal conclusion to which no response is required.

516.    Deny the allegations set forth in paragraph "516" of the Complaint.

517.    Deny the allegations set forth in paragraph "517" of the Complaint.

518.    Deny the allegations set forth in paragraph "518" of the Complaint.

519.    In response to the allegations set forth in paragraph "519" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

520.    Deny the allegations set forth in paragraph "520" of the Complaint.

521.    Deny the allegations set forth in paragraph "521" of the Complaint, except admit that Plaintiff's conviction and sentence related to Ward's murder were vacated and that Plaintiff was incarcerated for approximately 23 years and subject to approximately two years of DOCCS supervision.

522.    Paragraph "522" of the Complaint contains conclusions of law to which no response is required.

523.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "523" of the Complaint.

524. Deny the allegations set forth in paragraph "524" of the Complaint.

525. Deny the allegations set forth in paragraph "525" of the Complaint.

526. Deny the allegations set forth in paragraph "526" of the Complaint.

527. Deny the allegations set forth in paragraph "527" of the Complaint.

528. Deny the allegations set forth in paragraph "528" of the Complaint.

529. Deny the allegations set forth in paragraph "529" of the Complaint.

530. In response to the allegations set forth in paragraph "530" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

531. Deny the allegations set forth in paragraph "531" of the Complaint.

532. Deny the allegations set forth in paragraph "532" of the Complaint.

533. Deny the allegations set forth in paragraph "533" of the Complaint.

534. Deny the allegations set forth in paragraph "534" of the Complaint.

535. Deny the allegations set forth in paragraph "535" of the Complaint.

536. .In response to the allegations set forth in paragraph "536" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

537. Deny the allegations set forth in paragraph "537" of the Complaint.

538. Deny the allegations set forth in paragraph "538" of the Complaint.

539. Deny the allegations set forth in paragraph "539" of the Complaint.

540. Deny the allegations set forth in paragraph "540" of the Complaint.

541. Deny the allegations set forth in paragraph "541" of the Complaint.

542. Deny the allegations set forth in paragraph "542" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

543.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

544.    Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

## THIRD AFFIRMATIVE DEFENSE:

545.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## FOURTH AFFIRMATIVE DEFENSE:

546.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE:

547.    There was probable cause for Plaintiff's arrest, detention, and prosecution.

## SIXTH AFFIRMATIVE DEFENSE:

548.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## SEVENTH AFFIRMATIVE DEFENSE:

549.    Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE:**

550.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**NINTH AFFIRMATIVE DEFENSE:**

551.    At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

**TENTH AFFIRMATIVE DEFENSE:**

552.    Punitive damages cannot be assessed against defendant City of New York.


**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              June 12, 2026

                                        **STEVEN BANKS**
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants City, Litrenta, Falzarano,*
                                        *Carboni, Potter, and Mooney*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-1643


                                        By: /s/    *Michael Futral*

                                             Michael Futral
                                             *Assistant Corporation Counsel*
                                             Special Federal Litigation Division


cc:      *VIA ECF (all counsel)*