THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**STEVEN BANKS**
*Corporation Counsel*

**MICHAEL FUTRAL**
*Assistant Corporation Counsel*
mifutral@law.nyc.gov
Phone: (212) 356-1643

August 31, 2026

**By ECF**
District Judge Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Jon-Adrian Velazquez v. City of New York et. al.,*
25 Civ. 10699 (LJL)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney for defendants City of New York and former New York City Police Department Officers Falzarano, Carboni, Potter, Litrenta, and Mooney ("Defendants") in the above-referenced matter. As Your Honor may recall, this case involves the alleged multi-decade wrongful incarceration of Plaintiff Jon-Adrian Velazquez for the 1998 murder of a retired NYPD detective. In 2021, Plaintiff was released from incarceration via executive clemency and, in 2024, his conviction was vacated.

For the reasons set forth below, Defendants write to provide Your Honor with an update as to the anticipated timeline for the completion of the production by the New York County District Attorney's Office ("DANY") of its relevant files. Additionally, Defendants write to respectfully request that the Court hold the parties' deadline to respond to discovery demands in abeyance until after the settlement conference. This is the first request of this kind and, for reasons explained below, Plaintiff does not consent.

**Timeline of DANY Production.**

On June 1, 2026, the Court held an initial conference. At that conference, the parties informed the Court that Plaintiff has a parallel action pending in the New York State Court of Claims.[1] The parties further informed the Court that, in the Court of Claims matter, DANY is in the process of preparing and producing, on a rolling basis every 45 days, its files related to

[1] This matter is proceeding under Claim Number 143980.

Plaintiff's underlying criminal case and post-conviction litigation. It was also conveyed that DANY agreed to simultaneously produce those documents to the Office of the Corporation Counsel and that the parties further agreed to those documents' use in the instant litigation. Defendants informed the Court that, upon conferral with DANY, it was estimated that its production would likely take at least a year; Plaintiff, however, stated that his understanding was that the production would conclude by August 2026. Given the different understandings regarding DANY's anticipated timeline for completion of the production, the Court directed Defendants to update the Court in advance of the December 1, 2026 discovery deadline if they learned that DANY's production would extend beyond the timeframe anticipated by Plaintiff.

Since that time, the parties conferred with DANY, which confirmed that it anticipates that its production will conclude in approximately one year. DANY informed the parties that it possesses at least 23 Bankers' boxes of documents and a separate and extensive electronic file of the post-conviction review materials, which together comprise an estimated 250,000 to 300,000 pages of documents that must be reviewed and prepared for production before being produced.[2] To date, since April 2026, DANY has completed four separate productions of thousands of documents, the most recent of which was provided on August 17, 2026.

Given the anticipated time required by DANY to complete this production, discovery in this matter cannot be completed by December 1, 2026. In light of the parties' upcoming settlement conference, Defendants respectfully offer to provide the Court with a further status update following that conference regarding DANY's production and the anticipated timeline for completing discovery, should further discovery and modification of the current case management plan be necessary.

**Request for Stay of Discovery Responses.**

As Your Honor may recall, at the June 1 initial conference, among other things, the possibility of an early resolution via settlement was raised, and all parties confirmed their interest. Given the parties' expressed interest in an early resolution, the Court granted their request for referral to a magistrate judge for a settlement conference, and the matter was thereafter referred to Magistrate Judge Parker. The parties are currently scheduled for a pre-settlement conference telephone call with Magistrate Judge Parker on September 9, 2026; we expect that during the telephone call, a date for the settlement conference will be scheduled.

On July 15, 2026, and July 24, 2026, respectively, Plaintiff and Defendants each served their initial discovery demands. On August 5, 2026, Defendants requested Plaintiff's consent to defer responding to the parties' respective discovery demands until after a settlement conference.[3]

---

[2] It is our understanding that the limited DANY staff handling this production includes one attorney and two paralegals; moreover, it is our understanding that this is not the only matter they handle.

[3] Plaintiff's discovery demands include numerous interrogatories and thirty-seven separate document demands to the City. Plaintiff additionally served separate interrogatories and 16 document demands on each of the five individual defendants. The vast majority of the demands

Defendants explained that, due to the massive volume of documents that are being reviewed and prepared for production by DANY in the Court of Claims case and simultaneously in this case, the anticipated timeline for completion of that production, and the impending settlement conference, it was reasonable to defer responding to discovery demands until after a settlement conference. While Plaintiff initially responded on August 5 indicating that he was willing to consent to Defendants' request to defer discovery until after the settlement conference under a specific condition, to which the parties agreed, on August 14, Plaintiff's counsel stated that they were "not willing to put a stop to all discovery pending the [settlement] conference." In support of that position, Plaintiff's counsel claims that "getting as many documents exchanged and reviewed prior to the settlement conference would only be helpful to resolving the case" and that deferring discovery "would only add more delay to the discovery phase of the case in the event it does not settle."

First, Defendants clarify that they are not seeking a stay of all discovery pending a settlement conference; Defendants only seek a deferral of responding to discovery demands until after a settlement conference should the case not settle. This request has no impact on the productions DANY anticipates continuing to make in the parallel Court of Claims case; in fact, deferring responses to discovery will permit DANY to focus on continuing to produce the documents as opposed to shifting attention to responding to specific discovery demands, which would be necessary given the volume of requests and limited staff at DANY handling these matters.

Additionally, it is Defendants' position that deferring discovery responses until after a settlement conference, should this case not settle, would conserve significant resources and time for both the Office of the Corporation Counsel and DANY. As noted earlier, there is a massive number of documents that DANY intends to review and produce in this case, and such a production will not be complete for numerous months; if Defendants are required to respond to Plaintiff's discovery demands now, coordination with DANY will be imperative. As noted above, it is our understanding that the individuals working on the DANY production in the Court of Claims case would need to shift their focus from making the document productions to coordinating responses to Plaintiff's discovery demands.

Moreover, requiring Defendants to respond to these discovery demands at this juncture would likely prove fruitless, as Defendants are not yet in possession of all of the relevant documents and therefore would not be able to provide adequate responses. Responding to Plaintiff's extensive demands will certainly be time-consuming and burdensome; should this case resolve in the near future, the significant time and resources expended on responding to such demands will then prove to have been unnecessary.

Finally, deferring discovery responses has no impact on Defendants' ability to productively engage in settlement discussions. While Plaintiff has stated to Defendants that the City cannot adequately assess the case without all of the documents, such a statement is not accurate. As Plaintiff is certainly aware, his conviction is a highly publicized case, and there is significant

---

served on the City require information and documents in DANY's possession, custody, and control, and will therefore require extensive conferral with DANY to adequately respond.

information in the media regarding the same. Additionally, with this Office's history of settling these types of cases and our familiarity with comparable settlement values, this Office can readily assess this case for settlement. For these reasons, Defendants respectfully request that the parties' responses to discovery demands be held in abeyance until after a settlement conference occurs should no settlement result. To the extent this case does not settle at the conference, Defendants respectfully suggest that the parties meet and confer regarding the issue of responding to discovery demands and thereafter provide an update and proposal to the Court regarding how to proceed with such discovery responses.

**Conclusion.**

For the reasons set forth above, Defendants respectfully request that the Court hold the parties' deadlines to respond to discovery demands in abeyance until after the parties' settlement conference. Defendants further respectfully offer to provide the Court with a status update following the settlement conference regarding DANY's production and the anticipated timeline for completing discovery.

Defendants thank the Court for its time and consideration of this application.

By: /s/ Michael Futral

Michael Futral
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: *All counsel via ECF*